UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE C. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>C. CHOTHIA, *Janitor at Sierra Conservation Center*, *et al.*,<br><br>Defendants. | No. 1:19-cv-00352-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Doc. Nos. 25, 49, 52) |

Plaintiff Eugene C. Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 11, 2019, plaintiff filed a motion for injunctive relief, requesting that the court order defendants to enact safer handling procedures for the propane tanks that power the forklifts in California's Sierra Conservation Center sewing factory where plaintiff was previously employed. (Doc. No. 25.) On January 28, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for temporary injunctive relief be denied as moot. (Doc. No. 49.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id*. at 2) Plaintiff timely filed objections on February 10, 2010. (Doc. No. 52.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections and his reply to defendants' opposition to his motion,[1] the court concludes that the findings and recommendations are supported by the record and proper analysis.

In both his reply and objections, plaintiff appears to raise three arguments. First, plaintiff asserts that defendants' handling of propane tanks is dangerous and exposes plaintiff and all others present at the sewing factory to the risk of harm. (Doc. No. 46 at 2.) The magistrate judge addressed this concern, concluding that plaintiff is "no longer exposed to the risk of harm upon which his motion for temporary injunctive relief is based" because: 1) plaintiff no longer works at the sewing factory where the propane was allegedly mishandled; and 2) defendants assert that they have changed the propane handling procedure at issue in this lawsuit. (Doc. No. 49 at 2.)

In response, plaintiff argues that he is still entitled to injunctive relief because defendants' practices "are capable of repetition, but evading review." (Doc. No. 52 at 2.) He argues that once the scrutiny of a lawsuit passes, defendants can simply return to their old practices. (*Id.*) This exception, reserved for "extraordinary cases," does not apply here. *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (en banc). In this case, plaintiff has not shown that there is "a reasonable expectation that the same party will confront the same controversy again," nor is the practice in question one that is "inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704–05 (9th Cir. 2011) (internal quotation marks and citations omitted).

Finally, plaintiff raises several arguments in his objections relating to the retaliation that he allegedly faces as a result of the filing of this lawsuit and appears to add a request to be returned to the C-yard, where he was previously housed, and be allowed to continue employment at the Center's sewing factory. (Doc. No. 52 at 2.) However, plaintiff did not request this injunctive relief in his original motion or in his opening brief submitted in support thereof. (*See*

---

[1] Plaintiff asserts in his objections that the magistrate judge failed to properly consider his reply brief in the pending findings and recommendations. (Doc. No. 52 at 3; *see* Doc. No. 46.)

Doc. No. 25.)  The court cannot grant a motion based on a new claim or argument raised for the first time in a reply brief because "[p]arties are required to raise all of their arguments in their opening brief to prevent 'sandbagging' of [the] non-moving party and to provide opposing counsel the chance to respond." *United States v. Uptergrove,* No. 1:06-cv-01630-AWI-GSA, 2008 WL 5251777, at *8 (E.D. Cal. Dec. 17, 2008) (listing cases).  Even if the court were to consider plaintiff's request, he did not provide enough supporting facts or law in his reply brief to prevail on his motion.

Accordingly:

1. The findings and recommendations issued on January 28, 2020 (Doc. No. 49), are adopted in full; and
2. Plaintiff's motion for injunctive relief (Doc. No. 25) is denied as moot.

IT IS SO ORDERED.

Dated: **March 30, 2020**

UNITED STATES DISTRICT JUDGE