UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE C. BROWN,<br><br>              Plaintiff,<br><br> v.<br><br>C. CHOTHIA, et al.,<br><br>              Defendants. | Case No. 1:19-cv-00352-EPG (PC)<br><br>ORDER GRANTING MOTION FOR ADDITIONAL INTERROGATORIES<br><br>(ECF NO. 61) |

  Plaintiff, Eugene C. Brown, an inmate at the Sierra Conservation Center ("SCC"), is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion seeking to increase the number of interrogatories to defendants pursuant to Federal Rule of Civil Procedure 33(a)(1). (ECF No. 61.) Defendants oppose the motion, stating that Plaintiff has not shown good cause for the requested increase in the number of interrogatories. (ECF No. 62.) For the reasons set forth below, the Court will grant the motion.

  In the Court's Scheduling Order, the Court ordered that "[a] party may serve on any other party no more than 15 interrogatories . . . . On motion, these limits may be increased for good cause." (ECF No. 50 at 2.) Further, under Federal Rule of Civil Procedure 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogators, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ.

P. 33(a)(1).

    Although a *pro se* litigant need not make a "particularized showing" that he is entitled to propound additional interrogatories, *see McNeil v. Hayes*, 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014), he must nonetheless demonstrate good cause, *see* Fed. R. Civ. P. 26(b)(1). An incarcerated party's highly limited ability to conduct a deposition in prison may contribute to a finding of good cause to file additional interrogatories. *See McNeil*, 2014 WL 1125014, at *2.

    Here, Plaintiff seeks leave to serve a total of 30 interrogatories on two of the defendants named in this action – defendants Crutchfield and Jukes. This is 15 interrogatories over the limit imposed by the Court in the scheduling order and 5 interrogatories over the limit imposed by Federal Rule of Civil Procedure 33(a)(1). Plaintiff explains that he served a first set of 15 interrogatories on all of the defendants named in the action regarding his Eighth Amendment claim and received responses thereto. (ECF No. 61 at 6.) Plaintiff then issued a second set of 15 interrogators regarding his First Amendment claims to the only two defendants against whom he is bringing these claims – defendants Crutchfield and Jukes. (*Id.*) Because defendants Crutchfield and Jukes had already received and responded to the first set of 15 interrogatories regarding Plaintiff's Eighth Amendment claim, they refused to respond to the second set of interrogatories, stating that the additional interrogatories violated the maximum number set out in the Court's scheduling order. (*Id.*) Plaintiff then filed the motion for additional interrogatories, explaining that he seeks to increase in the number of interrogatories only for defendants Crutchfield and Jukes and only in relation to his First Amendment claim.

    Given that Plaintiff is not an attorney, some imprecision, duplication, and confusion can be expected in drafting and serving discovery, including interrogatories. It appears that Plaintiff may have believed that the limit on interrogatories was as to each claim rather than an overall limit. Further, Plaintiff's first set of interrogatories, and his proposed additional interrogatories appear to seek discoverable information, and Defendants have not claimed otherwise. The additional interrogatories also cannot be fairly described as unduly burdensome. Finally, depositions, which would relieve some of the pressure created by having to respond to

interrogatories, are simply not a realistic option, as incarcerated *pro se* litigants are rarely in the position to conduct depositions and this case apparently presents no exception.

There is no indication that Plaintiff has benefitted from a "wealth of discovery" in this case nor can the discovery that has apparently been propounded by Plaintiff be reasonably characterized as voluminous. Defendants' desire to avoid further engagement in discovery is not a burden that outweighs the benefit to Plaintiff of obtaining this discovery. Therefore, Plaintiff's motion for leave to serve 15 additional interrogatories, set forth in his second set of interrogatories, on defendants Crutchfield and Jukes will be granted.

IT IS ORDERED:

1. Plaintiff's motion to increase Plaintiff's interrogatories to defendants (ECF No. 61) is GRANTED.
2. Defendants Crutchfield and Jukes are directed to serve Plaintiff with their responses to Plaintiff's second set of interrogatories within forty-five (45) days of this order.

IT IS SO ORDERED.

Dated: __October 13, 2020__                         /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE