UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE C. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>C. CHOTHIA, et al.,<br><br>Defendants. | Case No.  1:19-cv-00352-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 81) |

Plaintiff Eugene C. Brown ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's opposition to the motion filed by Defendants Allen, Artis, Chothia, Crutchfield, Gilmore, Jukes, Kempe, Londono, Shaw, and Walker's ("Defendants") requesting a twenty-one-day extension of time to file a reply in support of their motion for summary judgment and for leave to file a reply brief totaling fifteen pages. (ECF No. 81.) Because the Court previously granted Defendants' motion, the Court will construe Plaintiff's opposition as a motion for reconsideration.

On December 7, 2020, the Court held a Discovery and Status Conference, which the parties attended telephonically. (ECF Nos. 64, 65.) At the conference, the Court vacated the pretrial conference and trial dates to be reset if necessary following resolution of Defendants' dispositive motion and, if the case was not fully resolved by the motion, attendance at a settlement conference. (ECF No. 65.) Defendants filed their motion for summary judgment on

1   February 5, 2021. (ECF No. 70.) Plaintiff requested a thirty-day extension of time to file his
2   opposition to the motion, which the Court granted, and Plaintiff filed his opposition on March 22,
3   2021. (ECF Nos. 73-74, 76.)
4       On March 30, 2021, Defendants filed their motion requesting an extension of the reply
5   deadline because Plaintiff's opposition totals 195 pages, including exhibits, and they needed
6   additional time to prepare a response. (ECF No. 77.) Additionally, given the number of
7   defendants and the parties' briefing thus far, Defendants anticipate that an additional five pages
8   may be needed to adequately brief the issues on reply. (*Id.*) The Court found good cause for
9   Defendants' requests and entered an order granting the motion on March 30, 2021. (ECF No. 78.)
10  Defendants filed their reply on April 20, 2021. (ECF No. 80.)
11      Plaintiff's instant motion, filed on April 21, 2021, argues that the Court should not have
12  granted Defendants' request because their motion stated that the underlying motion for summary
13  judgment was filed on February 25, 2021, but it was actually filed on February 5, 2021. (ECF No.
14  80.) Additionally, Defendants should not have been granted additional pages for their reply
15  because Defendant's motion for summary judgment was several hundred pages including
16  exhibits. (*Id.*) Plaintiff requests that the Court rescind its order granting Defendants an extension
17  of time to file their reply, enforce the general standard rule of limiting briefs to ten pages, and
18  "reinstate Plaintiff's date for a jury trial as the record tends to manifestly demonstrate factual
19  issues that are in dispute." (*Id.*)
20      A motion for reconsideration is "appropriate if the district court (1) is presented with
21  newly discovered evidence, (2) committed clear error or the initial decision was manifestly
22  unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC & S,*
23  *Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted,
24  absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th
25  Cir. 1999).
26      Upon review of Plaintiff's motion, the Court declines to reconsider its order. Plaintiff has
27  failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for
28  granting reconsideration. Although Plaintiff states that the extension and increased page limit

prejudice him "with undue delays, unnecessary paper work, a form of harassment, and a lack of remedy to injury against his First and Eighth Amendment Rights," Plaintiff does not provide any support for these conclusions. It is not clear how allowing Defendants an additional twenty-one days to file their reply and increasing the page limit for the reply by five pages harmed Plaintiff, particularly as Plaintiff was granted a thirty-day extension of time to file his opposition. The Court also did not rely on Defendants' representation regarding which date the motion for summary judgment was filed when granting the extension. Defendants' error was not material. The amount of time and additional briefing Defendants requested were reasonable under the circumstances. Additionally, Defendants' reply has been filed and the motion is now under consideration.

Further, as the Court discussed with the parties at the Discovery and Status Conference, the Court will reset the pretrial and trial dates as necessary following resolution of the motion for summary judgment and the parties' attendance at a settlement conference.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's opposition to Defendants' motion for an extension of time to reply and for additional pages (ECF No. 81), construed as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

Dated: **April 22, 2021**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE