UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE C. BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. CHOTHIA, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00352-NONE-EPG (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 84) |

　　　　Plaintiff Eugene C. Brown ("Plaintiff") is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to appoint counsel. (ECF No. 84.) For the following reasons, the Court will deny the motion without prejudice.

　　　　According to the motion, Plaintiff requests that the Court appoint counsel to represent him in this case because he is unable to afford counsel. (ECF No. 84.) Plaintiff is currently being put up for another transfer because SCC, where Plaintiff is presently housed, will accommodate space for campers from the closing of CCC. (*Id.*) Plaintiff is not camp eligible and will be transferred. (*Id.*) Presently, Plaintiff has limited access to the law library. (*Id.*) A new computer system has been installed within the facility and Plaintiff is unfamiliar with it. (*Id.*) Thus, even with library access, Plaintiff's unfamiliarity and inexperience makes preparing for a trial with multiple defendants an uphill battle. (*Id.*) Additionally, the introduction of evidence and presentation of a

1

case by an experienced attorney would make for a more level playing field. (*Id.*) Plaintiff "came to this court with clean hands, [and] but for his limited abilities to present evidence to the court and his utter failure to present expert testimony in response to the defendant's expert witnesses, a better outcome would have occurred." (*Id.*) Appointing counsel "will ensure the courts time will be most efficaciously employed." (*Id.*) A trial will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross-examine witnesses. (*Id.*) Plaintiff has written to several attorneys concerning representation without success. (*Id.*) Plaintiff has requested few accommodations throughout this case and "has made every effort to be forthright and punctual." (*Id.*) Plaintiff hopes that his actions have "demonstrated his abiding veneration for the Court." (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. A settlement conference is currently set for February 8, 2022 before Magistrate Judge Sheila K. Oberto. It appears that Plaintiff can adequately articulate his claims and advocate on his own behalf at the settlement conference. However, Plaintiff is not precluded from renewing his motion for appointment of pro bono counsel if the case is not resolved at the settlement conference.

///

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to appoint counsel (ECF No. 84) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **October 19, 2021**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3